JAMES HELVERSON v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, Appellant.

**Railroads:** SETTING OF FIRES: MISLEADING INSTRUCTIONS.    An instruction in an action for setting fire to a barn by a passing railway engine, that plaintiff was not required to prove that someone actually saw a spark from the engine ignite the prop-

erty, but the facts relied on must preponderate in support of such conclusion as against defendant's claim that the fire resulted from other causes, was not objectionable as authorizing the jury to compare rival theories and determine which had the greater support in the evidence: especially as the jury was elsewhere told that unless the fire was set by the company there could be no recovery and that such fact must be found by a fair preponderance of the evidence.

**Same.** Where a railway company in an action for setting a fire
2 offered evidence tending to show that its engine was equipped with a spark arrester in general use, an instruction that it was incumbent on it to show that it was using on the engine at that time the best known appliances for preventing the escape of fire therefrom was proper.

**Same.** An instruction to the effect that the jury might consider all
3 the facts and circumstances including the direction and velocity of the wind, the working of the engine and its condition at the time, in determining whether the railway company was responsible for the fire, is not subject to the objection that it failed to tell the jury that the circumstances must be of such nature and so related to each other as to leave no other conclusion, in the absence of a request therefor.

*Appeal from Louisa District Court.*— Hon. W. S. WITHROW, Judge.

TUESDAY, JUNE 9, 1908.

REHEARING DENIED TUESDAY, SEPTEMBER 29, 1908.

SUIT to recover damages caused by fire. There was a verdict and judgment for the plaintiff. The defendant appeals.— *Affirmed.*

*Carroll Wright, J. L. Parrish, C. A. Carpenter,* and *H. O. Weaver,* for appellant.

*F. M. Molesberry* and *W. E. Blake,* for appellee.

SHERWIN, J.— This is an action to recover the value of a frame barn that was destroyed by fire. The barn was

thirty-eight feet long north and south, the roof, which was shingled, sloping toward the east and west. It stood two hundred and twenty-four feet east of the appellant's track, and was practically parallel therewith. It had an open window in each gable, and a small open door in the northwest corner just above the haymow floor, and just under the west eave. The mow was full of hay at the time, and the fire was discovered in the south end thereof. The fire occurred between five and six o'clock in the morning, and it was first seen fifteen or twenty minutes after a passenger train had passed going south. At the close of the plaintiff's evidence, the appellant moved for a directed verdict, for the reason that there was not sufficient evidence to authorize a submission of the question whether the fire was communicated to the barn by the appellant's engine. The motion was overruled, and of this the appellant complains. The ruling was in our judgment right. The evidence as a whole satisfactorily shows that the fire was set by a spark from defendant's engine, and the jury properly so found.

Complaint is made of the sixth instruction, which was as follows: "As stated in a previous instruction, the burden of proof is upon the plaintiff to show by the fair preponderance of the evidence that the fire by which he claims to have lost the property described was caused by sparks and cinders from a locomotive operated by defendant over its line of railroad at the time and place claimed. It is not required that proof be presented that some one actually saw a spark or cinder from one of the defendant's locomotives fall upon and ignite the building claimed; but the facts and circumstances appearing in the evidence and relied upon for establishing the fact alleged that defendant's locomotive set out said fire must be such as weigh heavier and preponderate in support of such conclusion, as against the theory or claim that the fire might have resulted, or did result, from other causes." It is said that this instruction did not tell the jury

1. RAILROADS: setting of fires: misleading instructions.

that the facts and circumstances proven must be of such a nature and so related as to support the conclusion sought to be drawn from them, but that they " must be such as weigh heavier and preponderate in support of .such conclusion as against the theory or claim that the fire might have resulted or did result " from some other cause.   In other words, that the jury was authorized to compare rival theories and determine which had the greater support in the evidence.   We do not think the instruction itself open to the criticism ; and it certainly is not when read and considered in connection with other instructions given.   In the fifth instruction the jury was clearly told that the first question to be determined was whether the fire was set out by the appellant in the operation of its railroad, and, unless it was so found, that there could be no recovery.   It was said in the same instruction : " It is not sufficient that the facts and circumstances shown by the evidence are such as to indicate that said fire might have been set out by defendant's engine, but you must find by the fair preponderance of the evidence that the fire was so set out."   A comparison of rival theories was not permitted by anything said by the court in these instructions, and we do not believe that the jury misunderstood them.   The appellant had advanced the theory that the fire was set by some other agency, and the court undoubtedly had reference to that.

An instruction was given to the effect that it was incumbent upon the appellant to show that it had on the engine in question the best known and approved appliances for preventing the escape of fire therefrom.   The appellant contends that the instruction should not have been given because the only question for the jury to determine was whether the engine set out the fire, and, further, because the jury must have understood from the instruction that the appellant was required to prove that its engine was equipped with appliances which were better known than any other, or more generally in use, or widely

2. SAME.

advertised, and that the appliances must also be the latest model or newest invention.    The instruction was properly given because the appellant had offered testimony tending to show the condition of the engine at the time and that it was equipped with a screen spark arrester which was in general use.    The language of the instruction is not as precise as it might have been, but no prejudice could have resulted therefrom under the record.

The jury was instructed that, in determining whether the appellant did or did not set out the fire, it might consider all of the facts and circumstances, including the direction and velocity of the wind, and "the working of the engine and its condition at the time."    The instruction is criticised because it did not go farther, and tell the jury that the facts and circumstances must be of such nature and so related as to leave no other conclusion.    The instruction was clearly right as far as it went, and, in the absence of a request for a more specific instruction, the appellant cannot justly complain.

3. SAME.

Minor complaints are made of a few rulings on the admission of testimony, but we find nothing of sufficient importance to require more specific attention.    The appellant's chief contention is that the record does not fairly show that its engine started the fire, but, as we have already said, we cannot agree with the contention.    While the case at first blush appears very close on the facts, a careful study of the testimony of the several witnesses removes much of the doubt, and we are satisfied that the verdict should not be disturbed.    The judgment is *affirmed*.